IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SARAH BURDINE | ) | CASE NO. |
| 1542 Buckland Ave. | ) | |
| Fremont, Ohio 43420 | ) | JUDGE: |
| On behalf of herself and others similarly | ) | |
| situated | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND COLLECTION ACTION** |
| NAGOYA JAPANESE STEAKHOUSE & | ) | |
| SUSHI, LLC | ) | |
| 3975 E. Harbor Road | ) | **(Jury Demand Endorsed Hereon)** |
| Port Clinton, Ohio 43452 | ) | |
| | ) | |
| PLEASE ALSO SERVE: | ) | |
| Nagoya Japanese Steakhouse & | ) | |
| Sushi, LLC | ) | |
| c/o Melvern Ayers, Jr. | ) | |
| 4849 Wood Duck Court | ) | |
| Port Clinton, OH 43452 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Sarah Burdine by and through undersigned counsel, as her Complaint against

Defendant, states and avers the following:

**PARTIES**

1.  Burdine is a resident of the city of Fremont, county of Sandusky, in the state of Ohio.

2.  Nagoya Japanese Steakhouse and Sushi, LLC ("Nagoya") is a domestic for-profit limited

    liability company conducting business in the state of Ohio with its principal place of business

    located in Ottawa County at 3975 E. Harbor Road, Port Clinton, Ohio 43452.

3.  Nagoya maintains a restaurant establishment located at 3975 E. Harbor Road, Port Clinton, Ohio

    43452.

4.  Nagoya maintains a restaurant establishment located in Perrysburg, Ohio.



5. During all times material to this Complaint, Nagoya was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

6. Nagoya is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Fair Labor Standards Act, in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.

7. During all times material to this Complaint, Plaintiff was an "employee" of Nagoya within the meaning of 29 U.S.C. § 203(d).

**JURISDICTION & VENUE**

8. This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. This Court has personal jurisdiction over Nagoya because Nagoya is a domestic for-profit limited liability company that conducts business in this District, and at all times material to the allegations contained herein, Defendant conducted business in this District and had sufficient minimum contacts within this District.

10. This Court has personal jurisdiction over Nagoya because it maintains control, oversight, and direction over the operation of the Nagoya Restaurant, including the business's employment practices.

The Employee's Attorney.™



11. All material events alleged in this Complaint occurred in Ottawa County.

12. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, because at all times relevant hereto, Defendant is and has been responsible for the acts alleged herein, all of the practices complained of herein occurred in this District, and Defendant have received substantial compensation as a result of doing business in this District.

## FACTS

13. Burdine is a former employee of the Nagoya.

14. In or around September 2007, Nagoya hired Burdine as a server.

15. As a server, Burdine was a tipped employee, and subject to the tipped employee requirements of the FLSA.

16. At the time of her termination, Burdine was paid an hourly rate less than state and federal minimum wage, at $6.50 per hour.

17. As a tipped employee, Burdine relied on the tips she received from customers to increase her hourly rate of pay to a rate above the minimum hourly wage established by state and federal law.

18. During Burdine's employment, Nagoya required all the servers, including Burdine, to share tips with non-tipped salaried and hourly employees.

19. During Burdine's employment, Nagoya required all the servers, including Burdine, to share tips with non-tipped hourly prep cooks.

20. Nagoya's tip-pooling system was invalid under Federal law because it included both tipped and non-tipped employees.

21. Nagoya prep cooks were non-tipped employees who were either paid a salary or an hourly wage that was equal to more than minimum wage.

22. Nagoya prep cooks were given daily tips that belonged to Burdine and the other tipped employees of the restaurant.

The Employee's Attorney.™



23. As part of Nagoya's tip-pool policy, Burdine and the other servers would collect tips throughout the day and/or night from the customers whom they served.

24. As part of Nagoya's tip-pool policy, at the end of night and/or her shift, Burdine would have a one-on-one meeting with servers who would present the amount collected in tips.

25. The managers and owners of Nagoya instructed Burdine to remove a percentage of each server's tips, including from Burdine's own tips, that was to be distributed to hourly kitchen staff, including prep cooks.

26. As part of Nagoya's tip-pool policy, Burdine was instructed to add up the gross amount in food sales for that night for the tables that were served and/or waited on by each server, including Burdine's own tables.

27. As part of Nagoya's tip-pool policy, each server, including Burdine, had to remove an amount equal to nine percent of his or her gross sales from the tips collected throughout her work day and place this amount into a tip pool.

28. As part of Nagoya's tip-pool policy, if a server did not have enough tips to cover the nine percent figure, the server would have to cover the difference out of his or her own pocket.

29. As part of Nagoya's tip-pool policy, Nagoya would then take the gross amount in food sales for each server's tables and determined a number equal to nine percent of the gross amount ("Nine Percent of Gross Sales").

30. As part of Nagoya's tip-pool policy, a portion of the Nine Percent of Gross Sales was taken off the top and distributed to the Hibachi prep cooks.

31. The prep cooks were not tipped employees.

32. The prep cooks did not interact with customers.

33. The prep cooks worked in the back of restaurant and/or in the kitchen and prepared the food that the Hibachi chefs would then use at the Hibachi station.

The Employee's Attorney.™



34. After the Hibachi prep cooks' portion was removed from the Nine Percent of Gross Sales, the remainder was split equally between the Hibachi chefs.

35. Nagoya's tip-pool policy violated federal law because it included the prep cooks.

36. During Burdine's employment, prep cooks at Nagoya Restaurant referred to their tip money as, "dirty money."

37. Nagoya knew that the tip-pool policy violated obligations imposed by the FLSA.

38. Nagoya knew that it was unlawful to force tipped employees to share tips with non-tipped hourly employees, including prep cooks.

39. In violating federal law, Nagoya acted intentionally and willfully, and recklessly.

40. In violating federal law, Nagoya acted in disregard of clearly applicable wage and hour laws and provisions.

41. In violating federal law, Nagoya acted without a good faith basis in attempting to force tipped employees to share tips with non-tipped hourly employees, including prep cooks.

42. Nagoya employs the same tip pool policy and system at both of its restaurants, located in Port Clinton and Perrysburg, Ohio.

43. Between Nagoya's two restaurants, it is estimated that there are between 20-40 current servers and other tipped staff that have suffered damages as a result of Nagoya's unlawful tip pool.

44. Between Nagoya's two restaurants, it is estimated that there are upwards of 50 or more former employees within the applicable statutory period that have suffered damages as a result of Nagoya's unlawful tip pool.

45. Nagoya's other current and former servers and tipped employees, from each of its two restaurants, are similarly-situated to Burdine in regards to Nagoya's unlawful tip pool policy and system.

The Employee's Attorney.™



## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

46. Burdine restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

47. During Burdine's employment with Nagoya, she was forced to participate in an unlawful tip-pooling system.

48. During Burdine's employment with Nagoya, all servers at each of Nagoya's two restaurants were forced to participate in an unlawful tip-pooling system.

49. Nagoya allowed non-tipped employees, including hourly cooks and kitchen staff to participate in the tip-pool.

50. Nagoya's tip-pooling system violated 29 U.S.C. § 203(m) by including both tipped and non-tipped employees.

51. As a result, Nagoya failed to pay Burdine at a wage rate required under 29 U.S.C. § 206.

52. As a direct and proximate cause of Nagoya's use of an invalid tip-pooling system, Burdine suffered damages.

53. As a direct and proximate cause of Nagoya's use of an invalid tip-pooling system, employees similarly-situated to Burdine suffered damages.

54. Nagoya acted willfully, without a good faith basis and with reckless disregard in violating 29 U.S.C. § 203(m) and § 216(b).

55. Nagoya acted in bad faith.

56. As a direct and proximate cause of Nagoya's use of an invalid tip-pooling system, pursuant to 29 U.S.C. § 216(b), Nagoya is liable to Burdine for the full amount of the required minimum wage rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

The Employee's Attorney.™



## COUNT II: COLLECTIVE ACTION

57. Burdine restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

58. Upon information and belief, Nagoya employs between 10 and 20 servers and other non-tipped employees at any one time at each of its two restaurants.

59. Nagoya's tip-pooling policy and system that was applied to Burdine also applied to the other servers and non-tipped employees at each restaurant.

60. Nagoya's tip-pooling system is invalid and violates Federal law.

61. As a direct and proximate cause of Nagoya's use of an invalid tip-pooling system, all of the servers and non-tipped employees employed by Nagoya at each of its restaurants, within the statutory period, suffered damages.

62. As a direct and proximate cause of Nagoya's use of an invalid tip-pooling system, pursuant to 29 U.S.C. § 216(b), Nagoya are liable to all of the servers and non-tipped employees employed by Nagoya within the statutory period for the full amount of the required minimum wage rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

63. Pursuant to 29 U.S.C. § 216(b), a collective action may be maintained against Nagoya by Burdine, on behalf of herself and the other servers and non-tipped employees.

## DEMAND FOR RELIEF

WHEREFORE, Burdine respectfully requests that this Honorable Court grant the following relief:

(a) A certification of a collective action, pursuant to 29 U.S.C. § 216(b), for Burdine and all other similarly-situated employees, including all servers and non-tipped employees who participated in the tip-pooling system maintained by Nagoya at each of its two restaurants.

The Employee's Attorney.™



(b) Awarding to Plaintiff, and all others similarly situated, unpaid wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

(c) Awarding Plaintiff, and all others similarly situated, costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

(d) Awarding Plaintiff, and all others similarly situated, such other and further relief as the Court deems just and proper;

(e) For a judgment against Nagoya for all damage, relief, or any other recovery whatsoever; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Fred M. Bean*

Fred M. Bean (0086756)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Blvd., Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:     (216) 291-5744
Email:  Fred.Bean@SpitzLawFirm.com

*Attorney for Plaintiff Sarah Burdine*

## JURY DEMAND

Plaintiff Sarah Burdine demands a trial by jury by the maximum number of jurors permitted.

*/s/ Fred M. Bean*

Fred M. Bean (0086756)
**THE SPITZ LAW FIRM, LLC**

